89 F.3d 846
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Josefa Ana OSORIO-DELGADO; Orlando Jose Baltodano-Osorio, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70437.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 22, 1996.*
Decided April 29, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Josefa Ana Osorio-Delgado and her son Orlando Jose Baltodano-Osorio, natives and citizens of Nicaragua, petition for review of the decision of the Board of Immigration Appeals ("BIA") affirming the order of an immigration judge ("IJ"), denying their request for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a), 1253(h). We review the BIA's decision for substantial evidence. See Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and deny the petitions for review.[1]
 
 
 3
 Osorio-Delgado contends that the BIA's finding that she lacked a well-founded fear of future prosecution based on her membership in the Don Bosco Catholic Church is not supported by substantial evidence. This contention lacks merit.
 
 
 4
 To establish eligibility for asylum based on a well-founded fear of persecution, asylum applicants must show both a genuine subjective fear of persecution and an objectively reasonable fear. Id. The burden is on the applicant to meet this standard. Id. "The objective component requires a showing by credible, direct, and specific evidence of facts supporting a reasonable fear of persecution." Id. (quotation omitted).
 
 
 5
 Osorio-Delgado testified that she resigned from her position with the Ministry of Health in 1988 because she no longer wanted to work with the Sandinista army. She testified that because of her membership in the Don Bosco Catholic Church, which was perceived as an enemy of the Sandinistas, mobs demonstrated in front of her home and she was interrogated six times at her church. She also testified that her brother was imprisoned for a year, apparently because he had arrested an influential person for drunk driving. This brother, as well as her five other siblings and her mother, all continue to reside in Nicaragua, apparently without incident. In addition, Osorio-Delgado testified that she was able to obtain an exit visa and passport for herself and her son without difficulty. The BIA held that these incidents did not constitute persecution. The BIA also noted that given the changed circumstances in Nicaragua, Osorio-Delgado did not have an objectively reasonable fear of future persecution.[2] Because we agree that these incidents do not rise to the level of persecution, we affirm the BIA's conclusion that Osorio-Delgado failed to establish an objectively reasonable fear of persecution. See id.; see also Prasad v. INS, 47 F.3d 336, 339 (9th Cir.1995) (holding that brief detention does not necessarily establish persecution); Cuadras v. INS, 910 F.2d 571, 567 (9th Cir.1990) (holding that asylum claim was undercut by family's continued safety); Saballo-Cortez v. INS, 761 F.2d 1259, 1264-65 (9th Cir.1985) (holding that petitioner's ability to obtain visa and leave the country without difficulty undercut claim of persecution).
 
 
 6
 In addition, because the standard for withholding of deportation is higher than the standard for a grant of asylum and because Osorio-Delgado has failed to meet the lower standard for a grant of asylum, we affirm the BIA's denial of withholding of deportation. See Prasad, 47 F.3d at 340. Finally, Osorio-Delgado's contention that the BIA failed to make an independent review of her case is belied by the record.
 
 
 7
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 All references to Josefa Ana Osorio-Delgado, the principal petitioner, include her son Orlando Jose Baltodano-Osorio
 
 
 [2]
 In 1990 a new coalition government composed of parties opposed to the Sandinistas succeeded the Sandinista party